(74 App. Div. 217.)

### PEOPLE ex rel. BEAN v. CLAUSEN, Com'r.

(Supreme Court, Appellate Division, First Department.　July 8, 1902.)

1. MANDAMUS—NONSUIT.

The trial term cannot, where issues of fact on an alternative writ have been sent to a jury as required by Code Civ. Proc. § 2083, dismiss the writ on the merits, though, in the absence of proof, it can direct a verdict; section 2084 requiring that on trial of such issues the verdict or decision be returned to, and final order thereon be made by, the special term.

Appeal from trial term, New York county.

Mandamus, on the relation of Tarleton H. Bean, against George C. Clausen, commissioner of parks of the boroughs of Manhattan and Richmond, of the city of New York. From a judgment dismissing on the merits an alternative writ, relator appeals.　Reversed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

Robert E. L. Lewis, for appellant.

Terence Farley, for respondent.

O'BRIEN, J.　The relator sought in this proceeding to obtain a peremptory writ of mandamus directing the respondent, as commissioner of parks, to restore him to the position which he occupied as superintendent of the aquarium at Battery Park, from which office he claims he was unlawfully removed.　On the return day of the writ the respondent filed a return denying the material allegations in the petition, whereupon the special term directed that an alternative writ of mandamus issue, so that the issues of fact raised by the relator's petition and the respondent's affidavit might be tried by a jury.　These issues were brought on to trial at trial term before a judge and jury, and at the close of relator's case, the respondent not offering any evidence, the trial justice dismissed the alternative writ of mandamus "on the merits."

The practice followed upon the trial we think was wrong.　No questions were submitted to the jury, and, there being no direction of a verdict by the court, there was no warrant for a dismissal upon the merits.　The course pursued was due, no doubt, to the conclusion reached by the learned trial judge that the relator failed to prove the allegations of his petition.　As said in 5 Wait, Prac. p. 590:

"After an alternative writ is granted, and return made thereto, and issues of fact joined thereon, the case becomes an action under the Code, and is not a special proceeding."

The procedure for an alternative writ of mandamus is regulated by chapter 16, tit. 2, art. 4, of the Code of Civil Procedure; and by reference to sections 2076 and 2082 it will be seen that the petition of the relator, with the affidavit or return of the respondent, are regarded as pleadings in an action,—the petition as the complaint, and the return as the answer.　And with respect to the issues of fact, the place where and how triable are also prescribed, and by section 2084 it is provided:

"Upon the trial of an issue of fact joined upon an alternative writ of mandamus, the verdict, report or decision must be returned to and the final order thereupon must be made by ＊ ＊ ＊ the special term."

There is no sanction, therefore, for the practice which was here followed of the trial judge nonsuiting the relator on the trial by a jury of issues raised by an alternative writ. The issues raised by an alternative writ are similar to issues of fact which arise in an equity action, and which are sent by that court to a jury for trial. The practice to be followed in an equity action has been long settled and understood, and is well expressed in Birdsall v. Patterson, 51 N. Y. 43. Therein it was said:

"This was an equitable action, and issues had been framed and ordered to be tried before a jury at the circuit. These issues were upon trial at the time this motion was made. The action was not upon trial, and the whole case was not then before the court. These issues, like feigned issues under the old chancery practice, were ordered to be tried so that the court could have the findings of the jury upon the final hearing of the whole case for the information of its conscience. The order of the court framing the issues and ordering them to be tried is not satisfied by the finding or decision of the judge holding the circuit. The jury must find upon the issues, and their finding must be presented to the court upon the final hearing. If they find upon insufficient evidence, the party aggrieved has his remedy by a motion for a new trial according to the practice prescribed in Sup. Ct. Rule No. 33. The judge presiding at the trial of the issues has no right to nonsuit."

The disposition to be made of issues raised by an alternative writ of mandamus, which are in the nature of issues settled in a court of equity and sent to a jury, is thus stated, and the proper practice correctly outlined, in the appellant's brief:

"Where material allegations in a petition for the peremptory writ are denied by the respondent, the special term directs the issuance of an alternative writ, so that the issues of fact may be tried by a jury; and the verdict of a jury upon the trial of the issues of fact raised by the alternative writ is for the benefit and guidance of the special term, in determining whether or not to issue a peremptory writ of mandamus. An alternative writ of mandamus corresponds exactly with an order of the court framing and settling issues of fact in an equity case to be sent to a jury. In both instances the court, through the jury's verdict, seeks enlightenment as to the facts, in order that the correct principle of law may be applied upon the application for the final order, or upon the application for the peremptory writ of mandamus, as the case may be."

Even though there had been, therefore, a failure of proof on the part of the relator, the learned trial judge could not in such a case, any more than upon the trial of any other action where there was mere failure of proof, dismiss "upon the merits," because under such circumstances the merits are not involved. If the insertion of these words were the only error, we might correct it by striking out the provision "upon the merits," but this would not reach the principal error which we think was committed, which consisted in the practice followed upon the trial. It would have been proper for the learned trial judge, in the absence of proof, to have directed a verdict upon the issues, or, upon conflicting evidence, to have submitted the issues for the determination of the jury; but what the Code practice prescribes is that the disposition of the entire proceeding shall not be made at the trial term; the provision of the Code being that "the verdict ＊ ＊ ＊ must be re-

turned to and the final order thereupon must be made by the special term." Whether or not issues of fact under an alternative writ of mandamus shall or shall not be sent for a jury trial is not discretionary with the special term, but where such issues are presented the relator is entitled, as matter of right, to have a jury trial thereon, and the judge at special term is bound to send them to a jury. Sections 968, 2083, Code Civ. Proc.

Without discussing the merits, therefore, or passing any opinion thereon, we think, for the reason that the practice followed was wrong, that the judgment appealed from must be reversed, and the issues again sent to the trial term, to be disposed of by a jury. Accordingly so ordered, with costs to appellant to abide the event.

VAN BRUNT, P. J., and McLAUGHLIN, J. concur. HATCH and INGRAHAM, JJ., concur, and also think that a question of fact was presented, and that it would have been error to direct a verdict.