(120 App. Div. 557)

### SHEEHAN v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. June 7, 1907.)

SCHOOLS—TEACHERS' SALARIES—STATUTORY PROVISIONS—WAIVER.

> Under Laws 1897, p. 394, c. 378, § 1091, it was not necessary that salaries of school teachers should be uniform, and there was no statutory provision fixing the minimum salaries to be paid. The section was amended by Laws 1899, p. 883, c. 417, and by Laws 1900, p. 1607, c. 751, so as to fix the minimum, the act of 1899 providing a minimum of $1,400 for the position of vice principal, head of department or first assistant. After the passage of the act of 1899, plaintiff, who prior thereto had been transferred from the position of principal of a school to that of teacher in another school, was, on demand, recognized as a head of department, and was paid and accepted the statutory salary for such position, giving written receipts in full for services rendered. *Held*, that plaintiff waived her right to be retained as principal and to the salary attached to the office.

Appeal from Trial Term, Kings County.

Action by Catherine Sheehan against the board of education of the city of New York. From a judgment for defendant and from an order denying plaintiff's motion for new trial, she appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and JENKS, GAYNOR, and MILLER, JJ.

Ira Leo Bamberger, for appellant.

Theodore Connoly (Stephen O'Brien, on the brief), for respondent.

MILLER, J. In June, 1894, the appellant was appointed principal of public school No. 2, Woodhaven, county of Queens, and continuously held that position until August, 1898, when she was reassigned to the position of teacher in another school. At the time of such reassignment her salary as principal was $750, and the salary of the position to which she was reassigned as teacher was $1,000. At that time there was no statutory provision fixing the .minimum salaries to be paid teachers, and it was not necessary that salaries be uniform. See

section 1091, c. 378, p. 394, Laws 1897. Said section was amended by chapter 417, p. 883, of the Laws of 1899, and by chapter 751, p. 1607, Laws of 1900, so as to fix the minimum of salaries to be paid. A minimum of $1,400 was provided by the act of 1899 for the position of vice principal, head of department, or first assistant, and provision was made for an annual increase of $250 for women principals, and for a minimum of $2,500 after 10 years of service. After the passage of said act of 1899, the plaintiff wrote her superintendent a letter referring to said act, and demanding recognition as "head of department" and the salary of $1,400, which said statute fixed as the minimum for said position. She had previously been assigned to duty as head of department, and subsequently was recognized as such and paid the salary provided by statute. Thereafter she continued to draw the salary attached to the position occupied by her, and regularly signed pay rolls which contained at the top of each page a receipt in full for services rendered during the period mentioned. In January, 1906, this action was brought to recover the difference between the salary actually received and the salary to which she would have been entitled as principal pursuant to chapter 751 of the Laws of 1900.

The wisdom or unwisdom of subjecting "reassignments" to the same restrictions as "removals" is not involved, for the Legislature has seen fit to provide that "reassignments" and "removals" can only be made for the causes and in the manner prescribed. People ex rel. Callahan v. Bd. of Education, 174 N. Y. 169, 66 N. E. 674. We must start with the proposition then, that the plaintiff had the right to insist on the retention of her position as principal, and the only question involved in this appeal is whether she has waived that right. We think the learned trial justice correctly held that she had. The appellant insists that that question could not be disposed of as a question of law. It will not be profitable to discuss the many authorities cited, as no case precisely like this is referred to, and the general proposition that a party may waive any right that he has is undisputed. Where different inferences are permissible, the question is doubtless one of fact, and many of the cases cited so treat it; but, where the facts are undisputed and the acts of the parties are so unequivocal as to warrant but one inference, the question is clearly one of law. The plaintiff says that at the time of her reassignment she protested to her superintendent that she should be retained as principal, but she accepted the new position and the increased salary, and, when the statute was subsequently passed fixing the minimum salaries to be paid teachers, she made claim, not to the salary provided for principals, but to that provided for heads of department, and asked to be recognized as a head of department. That request was granted, the salary demanded was paid, receipts in full for services were periodically signed, and 7½ years after the alleged wrongful reassignment she first made claim to the salary of the position from which she asserts having been wrongfully removed. Under such circumstances a jury should not be permitted to guess that the plaintiff accepted compliance with her demands without consenting thereto. Whatever inference might be drawn from the other circumstances disclosed, her demand for recognition as a head of department

and for the salary attached to that position, coupled with her acceptance of said salary granted pursuant to such demand, and her written acknowledgments of pay in full for services rendered, must be deemed in law a waiver of any right to claim a salary attaching to some other position. In my judgment the facts in this case are stronger for the defendant than in the case of Ryan v. City of New York, 177 N. Y. 271, 69 N. E. 599, and that case was disposed of as a question of law.

I advise affirmance of the judgment

**Judgment and order unanimously affirmed, with costs. All concur.**