(121 App. Div. 9)

OCUMPAUGH v. ENGEL et al.

(Supreme Court, Appellate Division, Fourth Department. July 9, 1907.)

1. COURTS—JURISDICTION—MUNICIPAL COURT.

In a proceeding against tenants involving a lease containing an option to the tenants to renew by giving notice, the Municipal Court could not determine what were the parties' equitable rights, or what should be eliminated from or inserted in the lease because of fraud or misunderstanding, but was confined to an interpretation of the lease in the form in which it appeared.

2. LANDLORD AND TENANT—OPTION TO RENEW—NOTICE—WAIVER—EVIDENCE—
   SUFFICIENCY.
       Evidence *held* insufficient to show that a landlord waived notice of the
   tenants' intention to exercise an option to renew the lease.

3. SAME—HOLDING OVER TERM—EFFECT.
       Where tenants failed to give notice required by the lease of an intention
   to exercise an option to renew, they became tenants holding over, remov-
   able at the landlord's will.
       [Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Landlord and Ten-
   ant, §§ 404–406.]
       Williams and Robson, JJ., dissenting.

Appeal from Monroe County Court.

Action by Sarah J. Ocumpaugh against Margaret Engel and an-
other. From a judgment of the Monroe County Court, affirming a
final order and judgment of the Municipal Court of the city of Roches-
ter dismissing the petition, plaintiff appeals. Reversed.

The proceeding was commenced in the Municipal Court of the city of Roches-
ter on the 6th day of April, 1906, by the service of the precept herein, issued
upon the petition of the plaintiff and served upon the defendant tenants, Mar-
garet Engel and John J. Engel, personally. Said tenants filed an answer in
which it was alleged in substance that there was a nonjoinder of parties; that
a condition precedent contained in the lease, and which required the giving of a
written notice by the tenants of their intention to renew the lease, before Feb-
ruary 1, 1906, was included in the lease by the misrepresentation and fraud of
the landlord, and therefore was not binding upon the tenants; also that there
was a waiver of such written notice of renewal on the part of the landlord,
assuming that it was properly a part of such lease. The issues thus raised
were tried before the judge of the Municipal Court without a jury, and a final
order was made dismissing the complaint, upon which judgment was entered.
The plaintiff appealed to the County Court of Monroe county from this order,
which was in all respects affirmed; and from the judgment entered thereon
this appeal is taken.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
KRUSE, and ROBSON, JJ.

Frederick J. Smythe, for appellant.

Eugene Raines, for respondents.

McLENNAN, P. J. The record in this case is voluminous, as are
the briefs of the respective counsel; but really, when immaterial mat-
ter is eliminated, the issues are very plain and simple. On the 9th
day of January, 1903, the plaintiff executed a lease to the defendants
of certain premises owned by her in the city of Rochester, N. Y., such
lease to commence on the 1st day of April, 1903, and continue until
the 31st day of March, 1906, being practically a lease of the prem-
ises for three years, upon a certain rental fixed thereby. It was also
provided in and by said lease, while certain clauses to that effect were
not in proper connection, that the parties of the second part should
give the party of the first part written notice of their intention to con-
tinue such lease, or of their intention to abandon the same, on or be-
fore the 1st day of February, 1906. No such notice was given by the
tenants within the time fixed by the terms of the lease for the giving
of such notice, and therefore the landlord assumed to consider the
lease at an end and rented the premises to other parties. The con-

tention that the provision in the lease requiring a notice of intention to renew was incorporated therein by means of fraud or mistake is wholly unsupported by evidence. The terms of the lease are unambiguous, are plain and simple, and are, in effect, that if the tenants desire to continue as such tenants after the expiration of the term of the lease they must serve a notice upon the landlord of such intention, and such is the plain and unambiguous language of the lease. We think it was not competent for the Municipal Court of the city of Rochester to determine what were the equitable rights of the parties, or to say what should or should not be eliminated from or inserted in such lease because of fraud or misunderstanding of the parties; that the power of such court was confined to the interpretation of the lease in the form in which it appears.

Assuming, then, that the lease should be construed and held to mean precisely what it says, to wit, that in order to entitle the defendants to continue in possession of the premises they must serve upon the landlord a notice of their intention so to do, the only remaining question is whether the landlord waived such condition. It seems to me that, assuming that the evidence produced by the tenants is uncontradicted, it does not have such force or effect. The whole evidence relied upon by the respondents in that regard is that the agent for the appellant asked one of the defendants in substance when the lease expired; that in answer the tenant said, "It expires at such a day, but we have an option to continue it for two years longer, and we are going to stay," and the agent of the landlord said, "All right; all right." This conversation occurred before the time to exercise the option on the part of the tenants expired, and we think that the only inference to be drawn from such conversation is that the landlord intended that the tenants should have the right to continue the lease, provided they conformed to its conditions, to wit, gave notice of their intention to continue the same on or before the 1st day of February, 1906. This consideration would seem to have been perfectly well understood by the defendants, because, soon after the expiration of the time within which they might have done so, they sought to serve notice of their intention to continue in occupancy under the terms of the former lease.

We are led to conclude that there is no basis upon the evidence for the finding, which must necessarily have been indulged in by the Municipal Court, either that under the lease a notice of intention to continue the same was not necessary, or that there was a waiver of such notice of intention to continue. We sum up the whole matter of this controversy by saying that by the terms of the lease in question it was required of the tenants, if they desired to avail themselves of the option for an extension of two years, to have served notice of such intention upon the landlord on or before the 1st day of February, 1906, and that, having failed so to do, they simply became tenants holding over, removable at the will of the landlord. It follows that the order and judgment should be reversed, with costs.

Judgment of County and Municipal Courts reversed, with costs to appellant in all courts. All concur, except WILLIAMS and ROBSON, JJ., who dissent.