## PEOPLE ex rel. GERACI v. ITALIAN ASS'N ST. BARTHOLOMEW EOLIANA OF MUTUAL AID OF NEW YORK.

(Supreme Court, Appellate Division, First Department.   January 10, 1908.)

MANDAMUS—PROCEEDINGS—HEARING—JURY TRIAL—MAKING FINAL ORDER.

    Under the express provisions of Code Civ. Proc. §§ 2082, 2083, after issue of fact is joined on the issuance of an alternative writ of mandamus, the proceedings are the same as in an action, except as otherwise provided, and such issue must be tried by a jury as if it were an issue joined

in an action, unless a jury trial is waived or a reference directed by consent of parties. Section 2084 provides that at the conclusion of the trial, where the writ was granted at Special Term, the verdict, report, or decision must be returned to, and the final order thereupon must be made by, the Special Term. *Held*, that where the writ was granted at Special Term and issues of fact were raised by the return, it was error for the judge at Trial Term, after hearing the proof, to make a final order dismissing the proceeding on the merits, without submitting any question to the jury or directing a verdict.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 33, Mandamus, § 386.]

Appeal from Special Term.

Mandamus by the people, on the relation of Domenico Geraci, against the Italian Association St. Bartholomew Eoliana of Mutual Aid of New York. From an order dismissing an alternative writ, and an order denying a new trial, relator appeals. Reversed, and new trial ordered.

Argued before PATTERSON, P. J., and McLAUGHLIN, HOUGHTON, SCOTT, and LAMBERT, JJ.

Guiseppe L. Maggio, for appellant.
James E. Brande, for respondent.

McLAUGHLIN, J. The relator was a member of the defendant society. Under proceedings taken by the society he was expelled for alleged failure to comply with the by-laws in respect to the payment of dues and feigning illness so as to obtain a sick benefit. He applied to and obtained from the court at Special Term an alternative writ of mandamus for his reinstatement. The return of the society put in issue the material allegations of the papers upon which the writ was granted. The issue thus raised subsequently came on for a hearing at a Trial Term of this court, and after hearing the proof of the respective parties the learned justice sitting at Trial Term dismissed the proceedings on the merits, from which, and also from an order denying a motion for a new trial, the relator has appealed.

The conclusion at which I have arrived renders it unnecessary to pass upon the merits of the relator's claim, because the practice adopted necessitates a new trial. The trial court should have submitted the case to the jury with appropriate instructions, or if, in his opinion, there was nothing to submit to them, then he should have directed a verdict. People ex rel. Gleason v. Scannell, 172 N. Y. 316, 65 N. E. 165; People ex rel. Bean v. Clausen, 74 App. Div. 217, 77 N. Y. Supp. 521. When an issue of fact has been joined on the issuance of an alternative writ of mandamus, the proceedings thereafter are the same as in an action, except as otherwise provided by law (section 2082, Code Civ. Proc.); and such issue must be tried by a jury as if it were an issue joined in an action, unless a jury trial is waived or a reference directed by consent of the parties. Id. § 2083. At the conclusion of the trial the verdict, report, or decision must be returned to, and the final order thereupon must be made by, the Appellate Division or the Special Term, as the case requires. Id. § 2084; People ex rel. Ryan v. Bingham, 114 App. Div. 170, 99 N. Y. Supp. 593. Here the learned trial justice at the conclusion of the trial did not submit any question to the jury, nor

did he direct a verdict, but instead made a final order dismissing the proceeding. This he had no right to do. People ex rel. Bean v. Clausen, supra. The final order could only be made by the Special Term, after the verdict of the jury had been returned to it.

The order appealed from, therefore, must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.

