(67 Misc. Rep. 294.)

SARECKY v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Trial Term, Kings .County.   April, 1910.)

SCHOOLS AND SCHOOL DISTRICTS (§ 144*)—COMPENSATION OF TEACHER.

Plaintiff's assignor was a teacher in a school of the third order in New York City, but was not eligible to the principalship of it because she had never held other than a teacher's license, and by an instrument in writing she agreed with the board that, on being allowed to remain in charge of the school, she would waive all claim to the rank and pay as principal of a school of the third order whatever might be the number of classes then in the school or there might be in the future. *Held* that, the board having acted under the agreement, plaintiff's assignor could not recover the salary claimed to be due as principal of a school of the third order.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 144.*]

Action by Louis A. Sarecky against the Board of Education of the City of New York.  Complaint dismissed.

Samuel I. Frankenstein, for plaintiff.

Archibald R. Watson, Corp. Counsel (Stephen O'Brien and Charles McIntyre, of counsel), for defendant.

PUTNAM, J.   Plaintiff sues as assignee of Catharine Brophy (since 1882 Mrs. Devine), who began as a teacher in the public schools in 1868.   In 1870 she passed the teachers' examination and received a license "to teach in any of the common schools of the city" known as a teacher's license.   In 1875 she was appointed as a vice principal and so continued, performing the duties of principal during the latter's absence, until in 1896 the principal retired.   Although she was then nominated as principal, the school was so small (having but four or five classes) that the committee to whom the nomination was referred reported that Mrs. Devine should remain in charge as acting principal, and accordingly, on July 1, 1896, the board of education voted to reject her nomination as principal, but that Mrs. Devine, as vice principal, should remain in charge.   She has since continued in the same school, performing the principal's duties, and has been addressed and described as principal by the officials and in the reports of the board of education, and has so signed the pay rolls.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Under the Davis law (Laws 1900, c. 751) and the by-laws of the board of education passed under it, a woman principal of a school of the third order (having 12 to 27 classes) is to have a salary for the first year of $1,750, second year $2,000, third year $2,250, and fourth year $2,500. After 1896, this primary school gradually increased, reaching 10 classes in 1900 and 13 classes in September, 1902 falling back again to 10 classes in December, 1902. On November 7, 1903, Mrs. Devine was ordered to increase the classes from 11 to 12, which she did. Under the classification of the Davis·law, this raised the school to one of the third order.

In March, 1904, Mrs. Devine executed the following:

"New York, March 23, 1904.

"In consideration of being allowed to remain in charge of my present school, P. S. 112 Manhattan, from which I am about to be transferred, the school having become a school of the third order, to the principalship of which I am not eligible, I hereby waive all claim to rank and pay as principal of a school of the third order and agree to accept rank and pay as a principal of a school of the fourth order, without regard to the number of classes the school may contain now or in the future.        Catharine Devine."

She continued in this school obeying the directions of the board of superintendents as to classes, which were later increased to 13, reduced to 9 in 1908, but increased to 10 in 1909. At the time of the hearing, her school had 11 classes. Her actual salary has been $1,600. This suit is for the amount which would have been due as a principal of a school of the third order.

Under the previous board of education of the old city of New York, it was testified by Mr. Jasper, ex-superintendent, that a teacher's license was not sufficient for the appointment as school principal. On May 9, 1898, licenses for a principal and for other positions, based on an examination, were prescribed by the by-laws of the board of education. Section 1089 of the present charter (Laws 1901, c. 466) provides for a board of examiners for applicants for licenses. It then declares:

"No person shall teach in any public school in the city who has not such a license * * * nor shall any unlicensed teacher have any claim for salary."

It would therefore appear that Mrs. Devine was not eligible for the principalship of this school in 1903, as she admits that she never held any other than the teacher's license. Wood v. Board of Education, 59 Misc. Rep. 605, 112 N. Y. Supp. 578; Thomson v. Board of Education, 136 App. Div. 721, 121 N. Y. Supp. 491. Mrs. Devine testified that she signed the paper at the office of the associate superintendent, who informed her that she was to be transferred to a school of the fourth order, as her license did not permit her to hold a school of the third order. It is now urged that this waiver is void, because her classes had already been raised to 12, and that she had thus become a principal of the third order, with a tenure thereafter to be protected, so that she could not be transferred to a school of inferior grade. Callahan v. Board of Education, 174 N. Y. 169, 66 N. E. 674. A question arose as to an increase of salary in the interval between the Davis law and the passage of a by-law by the board of education carrying

out its terms where a written waiver of the additional pay during this period was executed by the employé. That agreement was after an interview with an assistant superintendent, as in the case at bar. This waiver or relinquishment of the higher salary was judicially sustained. Du Moulin v. Board of Education, Kings County, N. Y., March 12, 1907. Opinion by Burr, J. 124 N. Y. Supp. 901.

In my opinion the increase of classes did not create any permanent grade for Mrs. Devine so that she would have a tenure (without the requisite license) of a principal of the third order so as to be protected from being transferred to a school of inferior grade. There was nothing in her position, or in the policy of the law, that prevented her from entering into a contract on the subject. She had not a license as principal, and her admission of this in the contract was in accordance with the fact. Hence there was no mistake or misrepresentation inducing this agreement. Mrs. Devine clearly understood its meaning and purpose. After the defendant had acted upon it, no ground appears to set it aside.

It follows that the complaint should be dismissed, but without costs.

Complaint dismissed, without costs.