(70 Misc. Rep. 399.)

BROWN v. BOARD OF EDUCATION OF CITY OF NEW YORK.

(Supreme Court, Trial Term, Kings County. November, 1910.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 144*)—TEACHERS—COMPENSATION—ACTION—AGREEMENT AS TO COMPENSATION.

The plaintiff was a branch principal in charge of a public school in which the number of classes was increased to more than 12, and the plaintiff voluntarily agreed in writing that, if allowed to remain in charge of the school after the increase in the number of classes, she would accept the salary she was then receiving and would make no claim for increase of compensation. Greater New York Charter (Laws 1901, c. 466) § 1091, provides that no female branch principal or female principal of an elementary school having not less than 12 classes shall receive less than $2,500 per annum after 10 years of service in said schools. *Held*, that the plaintiff's action for the increased compensation provided by the charter was barred by the agreement.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 144.*]

2. CONTRACTS (§ 125*)—PUBLIC POLICY—CONTRACTS RELATING TO TEACHER'S COMPENSATION.

An agreement of a branch principal in the public schools not to claim any increased compensation, if allowed to remain in charge of a school after an increase in its classes entitling her to an increase in compensation, is not an agreement against public policy.

[Ed. Note.—For other cases, see Contracts, Dec. Dig. § 125.*]

3. SCHOOLS AND SCHOOL DISTRICTS (§ 144*)—TEACHERS—COMPENSATION.

Under Greater New York Charter (Laws 1901, c. 466) § 1091, providing that no female branch principal or female principal of an elementary school having not less than 12 classes shall receive less than $2,500 per annum after 10 years of service in said schools, a female branch principal, who has served 10 years, is entitled to the minimum salary, independently of the number of classes in her school.

[Ed. Note.—For other cases, see Schools and School Districts, Dec. Dig. § 144.*]

Action by Georgiana E. Brown against the Board of Education of the City of New York, in which both parties moved for a directed verdict, with a stipulation for verdict in accordance with the decision of the court when made. Motion to direct verdict in favor of defendant granted.

Stephen O'Brien, for plaintiff.

Charles McIntyre, Asst. Corp. Counsel, for defendant.

KELLY, J. At the close of the trial, both parties moving for the direction of a verdict, the trial judge reserving decision, it was stipulated that the jury might be discharged, and that a verdict might be directed in accordance with the decision of the court when made, with the same effect as if the jury was present. I therefore deny the plaintiff's motion, and grant that of the defendant, directing a verdict in favor of the defendant, and the plaintiff may note the necessary exceptions to the rulings made.

I will briefly state my reasons for this conclusion. The case must be tried and disposed of upon the issues presented by the pleadings and by the parties at the trial. The plaintiff bases her right to recover upon the fact that in October, 1904, she was a "branch principal" in charge of public school No. 91 in Brooklyn. That school, prior to October, contained less than 12 classes. On October 10, 1904, the defendant increased the number of classes in the school to more than 12, and since that time the school has always been a school with more than 12 classes. Section 1091 of the Greater New York Charter (Laws 1901, c. 466) provides as follows:

"The board of education shall have power to adopt by-laws fixing the salaries of all members of the supervising and the teaching staff throughout all boroughs, which schedules shall provide for an equal annual increment of salary of such amount; * * * that no female branch principal or female principal of an elementary school having not less than twelve classes shall receive less than twenty-five hundred dollars per annum after ten years of service in said schools."

If the plaintiff's right to the increase depends upon the action of the defendant in increasing the number of classes in the school, then I think she is barred from recovery by her written agreement, executed, as far as the evidence in this case shows, voluntarily, without any coercion or compulsion, by which she stipulates that, if she was allowed to remain in charge of school No. 91 after the increase in the number of classes, she would make no claim for increased compensation by reason of such increase, and would accept the salary which she was then receiving. I think this agreement was binding on the

plaintiff. The cases submitted by the learned counsel for plaintiff, holding that a public officer cannot stipulate to receive a lower compensation than that fixed by law, and that such stipulation is against public policy, do not apply to this case.

There is no charge of coercion or improper methods on the part of the school authorities to procure the agreement, and the situation is presented when the defendant could have transferred the plaintiff to some other school of less than 12 classes, or could have refrained from increasing the number of classes in school No. 91, and, indeed, could have abolished the school altogether. Therefore, if plaintiff's right to the increased compensation depends on the action of the board of education on October 10, 1904, in increasing the number of classes, her agreement was part and parcel of the action of the board in allowing her to continue in charge. Such an agreement does not violate public policy. Nassoiy v. Tomlinson, 148 N. Y. 326, 42 N. E. 715, 51 Am. St. Rep. 695; Sarecky v. Board of Education, 67 Misc. Rep. 294, 124 N. Y. Supp. 903, Special Term, Putman, J.; Du Moulin v. Board of Education, 124 N. Y. Supp. 901, Trial Term, Burr, J.; Ryan v. City of New York, 177 N. Y. 271, 69 N. E. 599; Grady v. City of New York, 182 N. Y. 18, 74 N. E. 488; Sheehan v. Board of Education, 120 App. Div. 557, 104 N. Y. Supp. 1002, affirmed 193 N. Y. 627, 86 N. E. 1133.

I think the plaintiff on October 10, 1904, was eligible for appointment as principal of school No. 91. She was a "branch principal," with the certificate of a head of department; but she was expressly excepted from the provisions of defendant's by-laws requiring a higher grade of certificate. If defendant abolished branch schools, it did not affect plaintiff's standing. She was a principal—principal of a branch school, but none the less a principal, because defendant may have done away with branch schools. I do not construe section 1091 as the learned counsel in this case interpret it, because I do not think plaintiff's right to the benefit of the statute quoted depends upon the number of classes in her school. She was a "female branch principal," and under section 1091 it would appear to be the intention of the Legislature that a female branch principal who had served 10 years should receive the minimum salary referred to.