STETSON v. BOARD OF EDUCATION OF CITY OF NEW YORK.
(No. 6471.)

(Supreme Court, Appellate Division, First Department.   December 31, 1914.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 144*)—TEACHERS—LICENSES—COMPEN-
   SATION.

   In view of Revised New York Charter (Laws 1901, c. 466) § 1089, re-
   quiring the board of education to issue the grades of licenses to teach,
   and declaring that no one shall be appointed as a teacher whose name
   does not appear on the eligible list, plaintiff, appointed principal of a
   public school containing only 11 classes and eligible thereto by reason of
   a "head of department" license, and who, after another class was added,
   continued as principal, though he was not qualified as the principal of
   such school by the possession of a principal's license, was not entitled to
   recover the difference between the salary received and that to which he
   would have been entitled if holding a principal's license, as the right to
   salary depends upon the license held; and the fact that one is permitted
   to perform the duties of a higher position than that for which he is
   qualified will not ripen into a legal appointment to the higher position,
   or entitle the incumbent to receive the higher salary attached thereto.

   [Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig.
   §§ 308–314; Dec. Dig. § 144.*]

2. SCHOOLS AND SCHOOL DISTRICTS (§ 131*)—TEACHERS—ELIGIBILITY.

   The holder of a license issued by a state normal school and the state
   superintendent of public instruction must submit to an examination by
   the board of examiners of the city of New York before becoming eligible
   to appointment to teach therein, unless expressly exempted by the super-
   intendent.

   [Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig.
   § 287; Dec. Dig. § 131.*]

3. SCHOOLS AND SCHOOL DISTRICTS (§ 144*)—TEACHER'S COMPENSATION—
   WAIVER.

   Plaintiff, acting as principal of a school in a grade to which he was
   not qualified to be appointed, by delivery to school superintendent of a
   paper reciting that, in consideration of being permitted to remain as
   principal, he waived all claims for increase of salary beyond that received
   as head of department, thereby effectually waived his right to the higher
   salary.

   [Ed. Note.—For other cases, see Schools and School Districts, Cent.
   Dig. §§ 308–314; Dec. Dig. § 144.*]

Appeal from Trial Term, New York County.

Action by Arthur D. Stetson against the Board of Education of the
City of New York.   From a judgment for plaintiff, defendant appeals.
Reversed, and judgment directed in favor of defendant, dismissing
the complaint upon the merits.

Argued before INGRAHAM, P. J., and CLARKE, SCOTT, DOW-
LING, and HOTCHKISS, JJ.

Charles McIntyre, of New York City, for appellant.
John E. O'Brien, of New York City, for respondent.

SCOTT, J.   The plaintiff has recovered a judgment for upwards
of $7,000 as salary for a position to which he was never appointed, for
which he was never able to pass the required examination, although
he repeatedly attempted to do so, and for which salary he had formally
and in writing executed a waiver.   That such a result should be pos-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

sible is due to the complicated and almost unintelligible state of the law relating to the appointment, promotion, and compensation of members of the teaching force in the school system of the city of New York.

Plaintiff received a normal school diploma from Potsdam Normal School on July 1, 1879, and a license to teach in any public school in the state from the state superintendent of instruction on October 22, 1889. In September, 1890, he was appointed in Public School No. 10 in the then city of Brooklyn. In March, 1890, he received from the superintendent of public instruction in Brooklyn what was known as a B license. In May, 1890, he received from the same superintendent what was known as an A license. In May, 1899, he received from the city superintendent of schools of the city of New York a head of department license, which was made permanent in February, 1904. In April, 1901, he was appointed head of department in Public School No. 23, borough of Brooklyn. In November, 1902, he was appointed principal of Public School No. 104, borough of Brooklyn, which was then a school of less than 12 classes. The board of education had adopted a classification of schools based upon the number of classes contained in each school. Under this classification a school of the fourth order was one containing from 6 to 11 classes, and a school of the third order was one containing from 12 to 27 classes. In order to be a principal of a school of the third order, it was required that a person should hold a principal's license, while a head of department license was a sufficient qualification for a principal of a school of the fourth order.

[1] At the time that the plaintiff was appointed principal of Public School No. 104, it contained only 11 classes, and he was eligible to be principal thereof by reason of the head of department license he then held. In December, 1903, a twelfth class was added to the school, and plaintiff continued to act as principal, although he had not qualified and never did qualify for the principalship of such a school by obtaining a principal's license. He has been regularly paid the salary to which he has been entitled as a person holding a head of department license; but he claims, and has recovered by the judgment appealed from, the difference between the sums so paid to him and the salary to which he would have been entitled if he had held a principal's license and thus been qualified to be principal of a school of the third order. It seems to be quite well settled that his right to judgment depends upon the standing of the claimant as evidenced by the license held by him, and that this rule is applicable to principals and teachers alike (section 1089, Revised New York Charter [Laws 1901, c. 466]; Matter of Fuerst v. Maxwell, 154 App. Div. 166, 138 N. Y. Supp. 1090); and it is equally well settled that the fact that a person is permitted to fulfill the duties of a position higher than that for which he is qualified will not, even after the lapse of a considerable period, ripen into a legal appointment to the higher position, or entitle the occupant to receive the salary attached to the higher position (Hazen v. Board of Education, 127 App. Div. 235, 111 N. Y. Supp. 337). It is clear, therefore, that the plaintiff never became legally entitled to the salary which he now claims under the by-laws of the board of edu-

cation. This position does not appear to be seriously combated by the respondent.

[2] His main contention is that the old license issued .to him by the Potsdam Normal School and the state superintendent of public instruction are sufficient to qualify him for any position in the public school system of the state, and that their possession obviates the necessity of a principal's license as a qualification for the position of principal of a school of the third order. With this contention we are unable to agree. Without going into a long examination and analysis of the statutes, it is sufficient to say that we consider People ex rel. Sprague v. Maxwell, 87 App. Div. 391, 84 N. Y. Supp. 947, decisive upon the point that even the holder of a state license must submit to an examination by the board of examiners of the defendant before becoming eligible to appointment, unless expressly exempted from such examination by the city superintendent under the provision of the City Charter, as it clearly appears this plaintiff was not. If he had been originally appointed solely upon the strength of his state licenses, his argument on this point might have some force. Steinson v. Board of Education, 165 N. Y. 431, 59 N. E. 300; Bogert v. Board of Education, 106 App. Div. 56, 94 N. Y. Supp. 180; Shaul v. Board of Education, 108 App. Div. 19, 95 N. Y. Supp. 479. But it does not so appear. On the contrary, it clearly appears that plaintiff was appointed to all the positions which he held under local licenses. Nor was plaintiff's name ever placed on the eligible list for principals, from which alone an appointment as principal could legally have been made. Our conclusion is that plaintiff was never appointed to, and never legally held, the position for the salary of which he has received judgment.

[3] Furthermore, if there were any doubt upon this question, the waiver which plaintiff executed when his school was removed into the third order of schools by the addition of the twelfth class is a complete answer to his present claim. The school was about to be, or just had been, it is immaterial which, raised to a grade in which he was not qualified to be appointed as principal. Naturally he was unwilling to relinquish his principalship and take the chances of receiving an appointment to another school of the lower grade. So he signed and delivered to a school superintendent a paper reading as follows:

"In consideration of being permitted to remain principal of a school of 12 classes, I hereby waive all claims for increase of salary beyond that which I now receive as principal of a school of fewer than 12 classes."

This, in our opinion, was a perfectly valid and effectual waiver. To be retained at the head of the school was a distinct advantage to the plaintiff, and that advantage served as a sufficient consideration. Collins v. City of New York, 151 App. Div. 618, 136 N. Y. Supp. 648; Brown v. Board of Education, 70 Misc. Rep. 399, 128 N. Y. Supp. 16.

On every ground, therefore, the judgment in plaintiff's favor was erroneous. It follows that the judgment appealed from must be reversed, with costs, and judgment directed in favor of the defendant, dismissing the complaint upon the merits, with costs.

Findings may be submitted and settled on notice. All concur.