(169 App. Div. 595)

PEOPLE ex rel. SOLOMON v. BROTHERHOOD OF PAINTERS, DECORATORS, AND PAPERHANGERS OF AMERICA et al. (No. 7709.)

(Supreme Court, Appellate Division, First Department. November 5, 1915.)

1. MANDAMUS ⬦⟹122—PARTIES DEFENDANT—FOREIGN CORPORATION.
    Mandamus will lie against a trade organization, although it is a foreign corporation that has failed to file a certificate to do business within the state.
    [Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 256; Dec. Dig. ⬦⟹122.]

2. MANDAMUS ⬦⟹122—PARTIES DEFENDANT—UNINCORPORATED ASSOCIATIONS.
    Mandamus will lie against a local labor union, where it acts within the state as the agent of a foreign corporation.
    [Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 256; Dec. Dig. ⬦⟹122.]

3. MANDAMUS ⬦⟹177—PROCEDURE—DAMAGES.
    Damages for illegal expulsion from a labor union, as fixed by a jury, may be awarded in mandamus for reinstatement, under Code Civ. Proc.

---

⬦⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

§ 2088, providing that, where the alternative writ has been answered, the court, upon granting a peremptory writ, must award damages as for a false return.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 395; Dec. Dig. ☞177.]

4. APPEAL AND ERROR ☞1170—REVIEW—HARMLESS ERROR.

In mandamus, that the justice who presided at the trial of the issues of fact himself issued a writ, instead of certifying the verdict of the jury back to the Special Term, and without making a final order for a peremptory writ, was harmless error, where a proper result was reached, under Code Civ. Proc. § 1317, as amended by Laws 1912, c. 380, providing that, after an appeal, the court must give judgment without regard to technical errors or defects, or to exceptions which do not affect the substantial rights of the parties.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4075, 4098, 4101, 4454, 4540–4545; Dec. Dig. ☞1170.]

Appeal from Trial Term, New York County.

Mandamus by the People, on the relation of Meyer Solomon, against the Brotherhood of Painters, Decorators, and Paperhangers of America and others. From a judgment awarding a peremptory writ, defendants appeal. Affirmed.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Morris Hillquit, of New York City, for appellants.
Alexander Rosenthal, of New York City, for respondent.

SCOTT, J.   The relator seeks restitution to membership in a trade organization known as the Brotherhood of Painters, Decorators, and Paperhangers of America.   This is a foreign corporation operating extensively throughout the United States, acting in each state through local unions, which, in this state, are unincorporated organizations. That the relator was improperly expelled from the Brotherhood, and that he has unsuccessfully pursued all the means of redress afforded him within the organization, is not to be questioned, and the verdict to that effect was amply warranted.   The appellants, however, insist that the mandamus will not lie against the Brotherhood, because it is a foreign corporation, and will not lie against the local unions, who are also made defendants, because they are unincorporated.

[1] Neither objection is well taken.   The Brotherhood has assumed to come into this state to pursue the objects of its incorporation, and cannot deny the jurisdiction of our courts to scrutinize its action, and to afford redress for a wrong done to a resident within the state. Matter of Wilcox, 123 App. Div. 86, 108 N. Y. Supp. 483.   The fact that the Brotherhood has failed to file the necessary certificate to do business within the state cannot be interposed by it as a shield against proper supervision.

[2] As for the local district unions, while mandamus might not lie against them alone, they act in this state as the agents of the Brotherhood, and for that reason are properly joined as defendants in this proceeding, because it is they who will be compelled to act in order to make the writ against the Brotherhood effective.

[**3**] The defendant has recovered what the jury deemed to be fair damages for the injury done him by his illegal expulsion. The recovery of such damages is authorized by Code Civ. Proc. § 2088 (People ex rel. Deverell v. M. M. P. Union, 118 N. Y. 101, 23 N. E. 129), and the amount does not appear to be excessive.

[**4**] The proceedings leading up to the judgment appealed from were irregular, in that the justice who presided at the trial of the issues of fact himself issued the mandamus, instead of certifying the verdict of the jury back to the Special Term, as is the proper practice. Furthermore, no final order was made directing the issue of the writ of peremptory mandamus.

For these purely technical errors we might remit the cause for more formal proceedings, and in the past should have felt bound to do so. People ex rel. Geraci v. Italian Association, etc., 123 App. Div. 277, 107 N. Y. Supp. 701. The power and duty of this court to disregard technical errors and defects has been much extended recently (Code Civ. Proc. § 1317, as amended by Laws 1912, c. 380), and this appears to be a proper case to exercise the power. The relator has a mandamus and a judgment, to both of which he is entitled. Thus a correct result has been obtained, and it is of no consequence that informalities can be found in the steps leading up to a proper result.

The judgment and order appealed from are affirmed, with costs. All concur.